Whitaker, Judge,
delivered the opinion of the court:
The plaintiffs agreed to furnish the defendant with a hydraulic dredge—
* * * including floating pipe line, shore pipe line, necessary attendant plant and labor and material necessary for the efficient operation of the plant, in accordance with the specifications attached hereto, 250 Hours.
Above equipment to be rented at the rate of $39.90 per hour.
The controversy in the case has been narrowed to this single issue: whether or not the plaintiffs are entitled to be paid for the time their dredge and equipment and labor were idle during the time the shore line was being moved by defendant’s employees.
The contract provided that the plaintiffs should furnish all equipment and labor, except the labor for handling the pipe line from the shore connection. The total delay during which the pipe line was being moved by defendant’s employees was 45 hours and 8 minutes. The contractors claim compensation therefor at the rate of $39.90 per hour. The defendant says that the rental to be paid was for pumping time only and, therefore, that the contractors are not entitled to be paid while their machine was standing idle.
Let it be borne in mind in the beginning that the contract was drawn by the defendant, and in cases of doubt must *429 be construed more strongly against it. Callahan Construction Co. v. United States, 91 C. Cls. 538.
The contract provides for rental “at the rate of $39.90 per hour.” It does not say at the rate of $39.90 per pumping hour, and we are of the opinion that it did not mean to say $39.90 per pumping hour.
In the second paragraph of the contract, providing for guaranteed production, they speak not of hours, but of pumping hours. The plaintiffs were required to dredge 400 cubic yards “per pumping hour”; whereas, in the provision providing for rental it provides for $39.90 “per hour.”
It would further appear that the contract did not intend that the rental should be limited to pumping hours, because in paragraph 3, under the heading of “Breakdown,” it was provided that the contractors would be paid for the time the machine was broken down, not to exceed one hour in twenty-four. (If the break-down lasted more than one hour in twenty-four, it was provided that the contractors would not be paid for this excess.) Since express provision was made for payment while the machine was idle due to breakdowns, it is plain that it was not meant to limit the compensation to the time the machine was engaged in pumping.
During the time the defendant’s employees were changing the shore line, the contractors’ equipment was on the ground, their steam was up, their men were standing around idle, and all other expenses were going on. It is only reasonable to assume that it was intended that the defendant .should compensate them for the rental of their plant under such circumstances.
The defendant says that the estimated time the equipment would be needed by the defendant was 250 hours, and that the contractors were required to guarantee a production of 400 cubic yards per hour, and that the total estimated cubic yards to be dredged amounted to 100,000; and that since 400 cubic yards per hour, multiplied by the 250 hours estimated, equals the total of 100,000 cubic yards estimated to be dredged, it is to be inferred that it was intended to compensate the plaintiffs only for pumping time. We are, however, of the opinion that the considerations mentioned above are more persuasive than is this argument advanced *430 by the defendant. The contract was drawn by the defendant; it provided for a rental of $39.90 per hour, not per pumping hour; and it expressly provided in the case of breakdowns for payment of rental while the dredge was not pumping. We do not think it was intended to limit the rental to pumping hours; if it was, the contract failed to say so.
We are of the opinion that the plaintiffs are entitled to recover. Judgment, therefore, will be entered in favor of the plaintiffs and against the defendant for the sum of $3,374.95. It is so ordered.
Madden, Judge; Jones, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.